# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL ACTION NO.: 1:21-cv-00130

| | |
|---|---|
| **KEVIN ELLIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) **COMPLAINT AND** |
| **MCDERMOTT INTERNATIONAL,** | ) **DEMAND FOR JURY TRIAL** |
| **INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

Plaintiff, Kevin Ellis ("Plaintiff" or "Ellis"), by and through his undersigned counsel, brings this action for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") against Defendant McDermott International, Inc. ("McDermott" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. This is an action for equitable and monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including discriminatory treatment and harassment of Plaintiff due to his race and its unlawful retaliation against him after he complained about unlawful discrimination in the workplace in violation of Section 1981.

2. Defendant unlawfully retaliated against Plaintiff in violation of Title VII by subjecting him to a hostile work environment and constructively discharging him after Plaintiff complained about racially charged comments and actions by a co-worker in violation of Title VII.

## THE PARTIES

3. Ellis is an adult individual who is a resident of Phenix City, Alabama.

4. McDermott is a foreign company that does business in the State of North Carolina. At all relevant times, McDermott has met the definition of an "employer" under all applicable statutes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Section 1981.

6. This Court has personal jurisdiction because Defendant conducts substantial business in Buncombe County, North Carolina, which is located within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the acts of omissions giving rise to this claim occurred in Buncombe County, North Carolina, which is within this judicial district.

## COVERAGE ALLEGATIONS

8. At all times relevant to this action, Plaintiff was an "employee" covered by the protections of Title VII, within the meaning of 42 U.S.C. § 2000e(f).

9. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

10. Defendant employed at least fifteen (15) employees at all relevant times.

11. Plaintiff satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation on November 4, 2019. The EEOC issued a Notice of Suit Rights on February 5, 2021, and Plaintiff timely brings this action within one hundred eighty (180) days of his receipt thereof.

## FACTUAL ALLEGATIONS

12. Ellis is an African American male and a former employee of Defendant.

13. Ellis began his employment with McDermott in or about May 2018 and held the position of Boilermaker at McDermott's Arden, North Carolina location.

14. At all relevant times, Ellis met or exceed McDermott's legitimate employment expectations.

15. On or about September 28, 2019, Ellis' co-worker, Jeff Clark, began making racially charged comments directed at Ellis. Specifically, while Clark was tying a knot in a rope, he looked at Ellis and asked Ellis if he was "scared" of the rope. Clark then proceeded to state that "public hanging needs to be brought back," clearly referring to the period during which lynching of African Americans occurred.

16. Shortly thereafter, Ellis reported the incident to Scott Boyd ("Boyd") and Billy Owens ("Owens"), Ellis' foremen. Boyd confronted Clark. However, Clark's response was that Ellis took his racially charged comments the wrong way. Owens told Ellis to report the matter to their office's Human Resources Department. Clark was not disciplined at this time.

17. After speaking with Boyd and Owens, Ellis also reported the racial discrimination to McDermott's Safety Manager, Ray (last name unknown).

18. On or about September 29, 2019, Ellis spoke with Wendy Hurd ("Hurd"), McDermott's Human Resources Representative. Hurd told Ellis to write a statement regarding the events that occurred.

19. On or about September 30, 2019, Hurd interviewed Ellis about the racially charged comments from Clark. Ellis also informed Hurd during the interview, that for the prior week, Clark referred to him as "Boy" and refused to call Ellis by his name.

20. On or about October 1, 2019, Ellis called McDermott's corporate Human Resources Department to report Clark's racially charged comments. Monica Hansen ("Hansen"), McDermott's Senior Manager of Human Resources, informed Ellis that Clark's job would be terminated. On that same day, Clark's employment was terminated.

21. On or about October 2, 2019, one of Ellis' co-workers Clay Todd ("Todd"), who was also a friend of Clark, recorded Ellis' work activities with a mobile phone in an attempt to document Ellis committing a purported safety violation. Ellis told Owens and Anthony Simmons ("Simmons"), McDermott's General Foreman, about being recorded by Todd. Ellis also expressed he did not feel safe at the workplace and that he was being retaliated against. Owens and Simmons went with Ellis to inform Hurd about the incident. Hurd attempted to contact Hansen but was unsuccessful. Hurd tried to contact Hansen later in the day and was successful. Hansen asked for Ellis to call her later in the day. Ellis attempted to contact Hansen and report that he was being subjected to retaliation but was unsuccessful. Ellis left Hansen a voicemail explaining the incident that happened earlier in the day.

22. On or about October 3, 2019, another co-worker, Dustin Grear ("Grear"), falsely accused Ellis of not working. Ellis walked toward the toolroom to return some tools that he had checked out. Grear then approached Ellis from behind, demanding the tools Ellis was returning. Grear began screaming at Ellis, using profane language, and threatening to fight Ellis. Another co-worker Scott Boyd informed Owens so that Owens could intervene. Owens retrieved Simmons and another supervisor David Gholson (Gholson). All three witnessed Grear's aggressive behavior directed at Ellis. Ellis then told Owens, Simmons, and Gholson that he did not feel safe at work and feared for his life. Gholson approved Ellis leaving for the day. On Ellis' way home, he

attempted to contact Hansen but was once again unsuccessful. Ellis left Hansen a voicemail describing the altercation with Grear.

23. Although Hansen knew of these retaliatory actions, she failed to provide any resolution in order to create a safe and non-discriminatory workplace for Ellis.

24. As a direct and proximate result of the retaliatory treatment, hostile work environment, and unsafe working conditions that Ellis was subjected to, Ellis resigned his employment with McDermott.

25. McDermott discriminated against Plaintiff by subjecting him to a hostile work environment.

26. McDermott constructively discharged Plaintiff based on his race, African American, in violation of Section 1981.

27. McDermott's actions constitute an intentional, willful, and reckless disregard for Ellis' rights as protected by Section 1981.

## PLAINTIFF'S FIRST CAUSE OF ACTION
### (Violation of Title VII – Discrimination)

28. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

29. Plaintiff was subjected to unlawful discrimination (harassment) on the basis of his race, African American, by Defendant in violation of Title VII.

30. Defendant's actions were intentional, willful, and/or undertaken with reckless disregard to Plaintiff's rights as protected by Title VII.

31. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Violation of Title VII – Retaliation)

32. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

33. Defendant unlawfully retaliated against Plaintiff in violation of Title VII by subjecting him to a hostile work environment and constructively discharging his employment after Plaintiff complained about racially charged comments and actions.

34. Defendant's actions were intentional, willful, and/or undertaken with reckless disregard of Plaintiff's rights as protected by Title VII.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, damages.

## PLAINTIFF'S THIRD CAUSE OF ACTION
### (Violation of Section 1981 – Retaliation)

36. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

37. Defendant have violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Clark's discriminatory actions and comments on the basis of race and ethnicity, by, *inter alia*, constructively discharging Plaintiff's employment with Defendant.

38. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

39. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and

emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

40. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory, retaliatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of part and future income, wages, compensation, job security, and other benefits of employment.

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation,

embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfilment;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: May 5, 2021

Respectfully submitted,

/s/Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*